[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 27 July 1995 Date of Application 27 July 1995 Date Application Filed 23 August 1995 Date of Decision 27 February 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland at Rockville. Docket No. CR95-56122, 56123, 56124, 56121, CR93-52140.
Thomas P. Moriarty, Esq. For the Petitioner. CT Page 2670
Matthew A. Gendansky, Esq. For the State of Conn.
BY THE DIVISION
The petitioner plead to a series of criminal conduct under the Alford Doctrine. He admitted participation in three counts of Sale of Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a); one count of Sale of a Controlled Substance in violation of Conn. Gen. Stat. § 21a-277(b); and one count of Arson 1st in violation of Conn. Gen. Stat. § 53a-111. The court imposed a total sentence of twenty years execution suspended after thirteen years with five years probation.
The record shows that the Arson was in a boarded-up apartment building in the Town of Vernon. While fighting the fire, a fireman suffered a serious crush injury to his left thigh and shin after the aerial ladder accidently retracted. In each of the sale of narcotics offenses, the petitioner sold crack cocaine to an undercover police officer. The sale of a controlled substance was the sale of marijuana to an undercover police officer also.
Counsel for the petitioner admitted that each of the offenses the petitioner pled to was very serious. However, he felt that the total sentence imposed should be modified, as it was unduly harsh and contrary to the purposes of sentencing. Counsel pointed out that the petitioner was a very young man when he committed these offenses, that he came from a terrible family background and that his only guidance as a teenager was a relative who was suffering from AIDS. Counsel felt that the street sales of drugs can be only classified as low level sales, and that his co-defendant started the fire and that it was in broad daylight. It was noted that the co-defendants received a sentence of six years to serve.
When petitioner spoke to the panel, he indicated that they were horsing around when the fire started and that the arson was not planned. He further indicated that he was sorry CT Page 2671 for the injury to the firefighter.
The state's attorney informed the panel that the firefighter's injury was very serious. Contrary to petitioner's version, he indicated that the evidence showed that the petitioner was deeply involved in the burning of the building. He informed the panel that the petitioner committed the drug offenses while out on bond. Counsel felt the differences in sentences could be accounted for by the facts that co-defendants struck a plea bargain. Counsel informed the panel that since the petitioner has been removed from the Rockville area crime has dropped significantly. He felt that the petitioner has never contemplated the consequences of his crimes and behavior. He concluded by asking the panel to affirm the sentence imposed by the trial court as it was fair.
In reviewing the remarks of the sentencing judge, we find a thorough and thoughtful sentence taking into consideration all of the criterion required by Practice Book Section 942. The judge intelligently and compassionately weighed the age of the petitioner, his family history, his lack of remorse and behavior problems. In light of the serious injury to the firefighter, the seeming unfettered lawlessness of the petitioner, even at a young age, we find the sentence imposed to be neither inappropriate nor disproportionate. The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J. and Stanley, J., participated in this decision.